IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTOINE JEROME SPAIN,

    Petitioner,

v.                                       Civil Action No. 3:19CV759

LARRY T. EDMONDS,

    Respondent.

**MEMORANDUM OPINION**

Antoine J. Spain, a Virginia inmate proceeding pro se, submitted a 28 U.S.C. § 2254 petition (hereinafter "§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court of the City of Norfolk, Virginia (hereinafter "Circuit Court") of possession with intent to distribute a Schedule I or II controlled substance as an accommodation. Spain contends that he is entitled to relief upon the following grounds:[1]

| | |
|---|---|
| Claim 1(a) | "Petitioner asserts trial counsel failed to act as his advocate during the guilty phase of his trial when trial counsel argued his guilt based on accommodation before he was found guilty of any charge." (ECF No. 1, at 16.) |
| Claim 1(b) | "Petitioner asserts trial counsel failed to argue that the trial court found him guilty of accommodation during the guilt phase of the trial, and therefore, did not find him guilty of an actual offense of which he was indicted." (Id.) |

---

[1] The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions. The Court omits all paragraph numbers from quotations and employs the pagination assigned by the CM/ECF docketing system.

Claim 1(c)   "Petitioner asserts trial counsel and appellate counsel failed to address the constructive amendment of the indictment by the trial judge." (Id.)

Claim 1(d)   "Petitioner asserts trial counsel failed to subpoena and call material witness for the defense, and therefore, failed to afford Petitioner a meaningful opportunity to present a complete and viable defense against the charge." (Id.)

Claim 2   "Petitioner asserts that the trial court did not have constitutionally sufficient evidence to find him guilty, beyond a reasonable doubt of any crime." (Id.)

Respondent concedes that Spain has exhausted his claims by presenting them to the Supreme Court of Virginia on direct appeal or state habeas. (ECF No. 9, at 4.) Given this concession, it is unnecessary to provide a preliminary discussion of the procedural history of Spain's claims.

## I. APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008)

2

(citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

It is appropriate to first address Spain's challenge to the sufficiency of the evidence because that claim provides factual context for the remaining ineffective assistance of counsel claims.

## II. SUFFICIENCY OF THE EVIDENCE

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). The relevant

3

question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (citing Johnson v. Louisiana, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Id. at 318.

The Court of Appeals of Virginia aptly summarized the evidence of Spain's guilt as follows:

> On September 26. 2014, Investigator Randall Gillespie of the Norfolk Police Department was working undercover in an area known for crime and drug activity. As he was driving in an unmarked truck, Gillespie saw appellant standing on a street corner. Gillespie stopped his vehicle near appellant and engaged him in conversation, asking for directions to Vernon Street and whether appellant knew a person named "D-Block." Appellant said he did not know "D-Block," but directed Gillespie to Vernon Street. Gillespie drove away.
> Gillespie drove up to appellant a second time within a few minutes. He asked if appellant "knew anybody." Appellant asked if Gillespie was "looking for hard." "Hard" is a street term for crack cocaine. Gillespie said he was looking for forty dollars' worth of "hard." Appellant indicated that he would find someone who could get it, and directed Gillespie to a location for him to park his vehicle. Appellant then walked down the street to a group of people gathered on a corner. Appellant spoke to a person who later was identified as Torio Benns. After a brief conversation, appellant lifted his arm and pointed in Gillespie's direction.
> Following this interaction, Benns ran to Gillespie's truck, got inside, and handed him a plastic

4

bag containing cocaine. Gillespie paid Benns forty dollars, and asked for more cocaine. Benns produced a second bag of cocaine for which Gillespie paid twenty dollars.

After the transaction was completed, police officers arrested both Benns and appellant.

Appellant introduced testimony that he conversed with Gillespie on the street, but did not gesture in Gillespie's direction. One witness said he did not see appellant speak with Benns prior to the arrest.

. . . .

To sustain appellant's conviction of possessing drugs with the intent to distribute, the Commonwealth could have proven his guilt either as a principal in the first degree or a principal in the second degree. See generally Dunn v. Commonwealth, 52 Va. App. 611, 665 S.E.2d 868 (2008) (en banc) (affirming appellant's convictions for possession of drugs with the intent to distribute as a principal in the second degree). "A principal in the first degree is the actual perpetrator of the crime. A principal in the second degree, or an aider or abettor as he is sometimes termed, is one who is present, actually or constructively, assisting the perpetrator in the commission of the crime." Muhammad v. Commonwealth, 269 Va. 451, 482, 619 S.E.2d 16. 33 (2005) (quoting Jones v. Commonwealth, 208 Va. 370, 372, 157 S.E.2d 907. 909 (1967)).

As this Court has held on numerous occasions, a "principal in the second degree may be indicted, tried, convicted and punished as if a principal in the first degree." Allard v. Commonwealth, 24 Va. App. 57, 62, 480 S.E.2d 139, 141 (1997). Although the Commonwealth must prove that the offense was committed by the principal in the first degree in order to sustain a conviction of a principal in the second degree, Sutton v. Commonwealth, 228 Va. 654, 665, 324 S.E.2d 665, 671 (1985), proof of "actual participation in the commission of the crime is not necessary" "to make a person a principal in the second degree," Muhammad, 269 Va. at 482, 619 S.E.2d at 33 (quoting Jones, 208 Va. at 372, 157 S.E.2d at 909).

To support a conviction under this theory, the Commonwealth must prove that the accused was present at the scene of the crime and shared the criminal intent of the perpetrator or committed some act in furtherance of the offense. Allard, 24 Va. App. at 62, 480 S.E.2d at 141.

5

> While mere presence at the scene of a crime or knowledge that a crime is going to be committed does not constitute aiding and abetting, accompanying a person with full knowledge that the person intends to commit a crime and doing nothing to discourage it bolsters the perpetrator's resolve, lends countenance to the perpetrator's criminal intentions, and thereby aids and abets the actual perpetrator in the commission of the crime.
>
> Pugliese v. Commonwealth, 16 Va. App. 82, 94, 428 S.E.2d 16, 25 (1993); see Foster v. Commonwealth, 179 Va. 96, 99, 18 S.E.2d 314, 315-16 (1942) ("Every person who is present at the commission of a [crime], encouraging or inciting the same by words, gestures, looks or signs, or who in any way, or by any means, countenances or approves the same is, in law, assumed to be an aider and abettor . . . ." (quoting Brown v. Commonwealth, 130 Va. 733, 736, 107 S.E. 809. 810 (1921))).
> The Commonwealth's evidence proved that appellant conversed with Gillespie about Gillespie's desire to purchase drugs. Appellant said he would find someone who could get it, and directed Gillespie where to park. Appellant immediately went to Benns and pointed to Gillespie's vehicle. Benns ran to Gillespie's car and gave him a bag of cocaine, and Gillespie paid Benns for the drugs. Considering these facts and circumstances, the evidence proved beyond a reasonable double that appellant participate as a principal in the possession of cocaine with intent to distribute.

(ECF No. 1-2, at 2-4 (alteration in original) (footnote omitted).)

The aforedescribed evidence amply supports Spain's conviction. Accordingly, Claim 2 will be dismissed.

### III. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first that counsel's representation was deficient and, second, that the deficient performance prejudiced

6

the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

**A.   Alleged Concession Of Spain's Guilt**

In Claim 1(a), Spain complains that "counsel failed to act as his advocate during the guilty phase of his trial when trial counsel argued his guilt based on accommodation before he was found guilty of any charge." (ECF No. 1, at 16.) As explained below, Spain misrepresents the record. His counsel did not concede Spain's guilt and counsel's argument was a reasonable and ultimately successful attempt to diminish any potential punishment for Spain. In rejecting this claim on state habeas, the Circuit Court accurately observed that:

7

> [T]his claim misconstrues the record, and does not entitle petitioner to relief. Following the Commonwealth's evidence defense counsel argued first that the petitioner did not have any involvement with the actual transaction and accordingly the Commonwealth could not prove he was guilty of distribution or conspiracy to engage in distribution.
> After the Commonwealth's response, at the end of his argument, defense counsel also noted:
>> I think as far as this could be stretched, in the light most favorable to the Commonwealth, would be accommodation and nothing more. There is no indication here that my client in any way would have profited. <u>Theoretically - I am not acknowledging my client is necessarily involved in this at all</u> - what I am saying is even if he was, there is no[] indication here whatsoever that he in any way profited from this or did anything more than a favor for this individual Officer Gillespie. So I would say at the most this could be an accommodation, but I would ask you to strike it altogether.
>
> This argument was not a concession of the defendant's guilt. Instead, while maintaining his client's innocence, trial counsel brought an alternative to the trial court's attention that carried less jail time for the petitioner should he be convicted. Because the record demonstrates that counsel did not concede petitioner's guilt or fail to act as an advocate, the Court finds that this . . . claim . . . cannot satisfy either prong of the <u>Strickland</u> test, and is hereby dismissed.

(ECF No. 1-10, at 14-15 (emphasis added) (footnote omitted).) The Court discerns no unreasonable application of the law and no unreasonable determination of the facts with respect to the Circuit Court's rejection of this claim. See 28 U.S.C. § 2254(d)(1)-(2). Accordingly, Claim 1(a) will be dismissed.

8

### B. Alleged Errors Between The Indicted Offenses And The Ultimate Finding Of Guilt

In Claim 1(c), Spain asserts that "trial counsel and appellant counsel failed to address the constructive amendment of the indictment by the trial judge." (ECF No. 1, at 16.) Relatedly, in Claim 1(b), Spain complains that "asserts trial counsel failed to argue that the trial court found him guilty of accommodation during the guilt phase of the trial, and therefore, did not find him guilty of an actual offense of which he was indicted." (Id.)[2]

Spain was indicted and arraigned the charges of distribution of Schedule I or II controlled substance and conspiracy to distribute a Schedule I or II controlled substance. (ECF No. 1-11, at 5.) In rejecting Claim 1(c), the Circuit Court, observed:

> Ultimately, the petitioner was found guilty as an accommodation. Prior to sentencing, a presentence report and guidelines were submitted to the trial court based on a conviction for distribution, as an accommodation. The sentencing order in this matter, however, indicates the petitioner was convicted of possession with intent to distribute, as an accommodation.
> Under these circumstances, the Court finds that trial counsel's performance was not constitutionally defective for failing to object to the clerical or typographical error in the final order. This error had no substantive effect on the procedure or outcome of the petitioner's March 16, 2015 trial or subsequent sentencing hearing. See Strickland, 466 U.S. at 689 ("[T]he purpose of the effective assistance guarantee of the Sixth Amendment . . . is simply to ensure that

---

[2] The Circuit Court found Spain guilty of possessing cocaine with intent to distribute and sentenced him, in accordance with section 18.2-248(D) of the Virginia Code, as a person who participated in the offense as an accommodation.

9

> criminal defendants receive a fair trial."). Moreover, had counsel objected, the Court notes that petitioner's remedy would have been the entry of an amended sentencing order, not release from incarceration. See McClenny v. Murray, 246 Va. 132, 134, 431 S.E.2d 330, 331 (1993) ("Habeas corpus is a writ of inquiry granted to determine whether a person 'is detained without lawful authority.' It is only available as a result of an order in his favor.") (citation omitted). Under these circumstances, the Court concludes that the first portion of Claim 1 cannot satisfy either prong of the Strickland test, and is hereby dismissed.[3]
>
> In another portion of claim 1, the petitioner contends that appellate counsel was likewise ineffective for failing to argue that the trial court improperly constructive amended the defendant's indictment from distribution, in violation of Code § 18.2-248 to possession with intent to distribute, in violation of 18.2-248. As previously noted, no amendment occurred in this case. The Court finds that had appellate counsel brought the clerical error in the sentencing order to the attention of the Court of Appeal, the petitioner's remedy would have been a remand for the limited purpose of entering a corrected order. It would not have resulted in his convictions being vacated, as he suggests in his petition.
>
> . . . Under these circumstances, the Court concludes that the petitioner has failed to demonstrate the requisite deficient performance or prejudice necessary under Strickland to prevail upon this claim in habeas corpus review.

(ECF No. 1-10, at 8-10.) The Court discerns no unreasonable application of the law and no unreasonable determination of the facts with respect to the Circuit Court's rejection of Claim 1(c) claim. See 28 U.S.C. § 2254(d)(1)-(2). Accordingly, Claim 1(c) will be dismissed.

---

[3] Pursuant to Code § 8.01-428(B), the Court retains the authority to correct the clerical error should the petitioner wish to pursue the alternate grounds for relief.

10

On state habeas, the Circuit Court did not squarely address Spain's complaint that "trial counsel failed to argue that the trial court found him guilty of accommodation during the guilt phase of the trial, and therefore, did not find him guilty of an actual offense of which he was indicted." (ECF No. 1, at 16.) Contrary to Spain's argument, under Virginia law, distributing a Schedule I or II controlled substance for profit and distributing a Schedule I or II controlled substance as an accommodation are not separate offenses. See Foster v. Commonwealth, 567 S.E.2d 547, 550 (Va. Ct. App. 2002). "An accommodation defense is a defense that pertains only to the penalty imposed on one found guilty of drug distribution." Id. (citing Va. Code § 18.2-248(D); Stillwell v. Commonwealth, 247 S.E.2d 360, 365 (Va. 1978); Barlow v. Commonwealth, 494 S.E.2d 901, 905 (Va. Ct. App. 1998)). "Whether a defendant acted only to accommodate another is a determination to be made after guilt has been decided and in contemplation of the penalty to be imposed." Id. Because accommodation distribution is not a separate offense, counsel reasonably refrained from making the objection Spain urges here. Accordingly, Claim 1(b) will be dismissed.

**C. Failure To Call Torio Benns As A Defense Witness**

In Claim 1(d), Spain faults counsel for failing to call Torio Benns, Spain's codefendant, as defense witness. The Circuit Court dismissed this claim because it found, inter alia, that at the

11

time Benns would not have been willing to testify in support of Spain's defense. Specifically, the Circuit Court stated:

> [T]he petitioner attaches a 2016 affidavit from Benns saying the petitioner was not involved in the drug dealing at issue in this case. The petitioner concludes that had his counsel subpoenaed Benns, and called him to testify in his defense, the result of the proceeding would have been different. The Court finds that [this] claim [] cannot satisfy either prong of the Strickland test.
> 
> The Court finds that, at the time of petitioner's trial, Benns was represented by counsel and charged as a co-conspirator along with the petitioner. Benns was also facing a separate charge for second offense possession with the intent to distribute cocaine. Whether subpoenaed or not, trial counsel could not have compelled Benns to testify in Spain's defense. Further, trial counsel could also have reasonably determined that Benns would not have be willing to testify at the time of petitioner's trial, particularly after seeking advice of his counsel on the matter. Indeed, Benns did not enter into a plea agreement until April 8, 2015, nearly a month after petitioner's trial. Petitioner has provided no evidence that, prior to the entry of his plea agreement, Benns would have been willing to incriminate himself by testifying at the time of the petitioner's trial that the petitioner had no involvement in the drug transaction. See Strickland, 466 U.S. at 693, 687 (ineffective assistance of counsel claims subject to requirement that defendant actively prove deficient performance and resulting prejudice).
> 
> Under these circumstances, even if counsel did not know whether Benns would be willing to testify, the Court finds that counsel could have reasonably determined that attempts to compel him to testify would likely have been fruitless. Strickland, 466 U.S. at 690-91 ("[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."). Moreover, because the petitioner has not demonstrated that Benns was available and willing to testify <u>at the time of petitioner's trial</u>, he has not met his burden to prove he was prejudiced by counsel's alleged deficient performance.

Even assuming Benns would have testified, the Court finds that [this claim] still fails the prejudice prong of the Strickland test because the petitioner has not met his burden to demonstrate that if Benns had testified, the result of the proceeding would have been different. Contrary to petitioner's suggestion, Benns' version of events is not dispositive. In addition to Spain and Benns, Officer Gillespie also participated in — and had direct knowledge of — the drug transaction. At trial, Officer Gillespie, a nearly-twenty-year veteran of the Norfolk Police Department, testified that he encountered Spain during an undercover drug operation. Gillespie approached Spain and asked if Spain knew "D-Block" a local drug dealer, and asked directions to Vernon Street, where Gillespie believed "D-Block" to be. Spain said he did not know "D-Block" and gave Gillespie directions to Vernon Street. Gillespie circled the block and approached Spain again a few minutes later. He told Spain that "D-Block" was not there and asked Spain if he "knew anybody." Spain responded by asking Gillespie if he "was looking for hard" and when Gillespie responded in the affirmative, Spain said he would go "find somebody that could get it." As Gillespie watched, Spain approached a group of people, spoke to Benns, and pointed at Gillespie. Whatever Spain said caused Benns to **run** to Gillespie's vehicle and present Gillespie with a baggie of crack cocaine.

Even if Benns testified at trial, consistent to. his affidavit, that Spain had "no involvement" in the sale and that Benns "took it upon himself" to approach Officer Gillespie, the Court finds that this testimony would be incredible. It is contrary to human experience that Benns, without any kind of prompting, would run to a complete stranger's car and display cocaine. See Commonwealth v. Duncan, 267 Va. 377, 386, 593 S.E.2d 210, 215 (2004) (fact finder permitted to infer matters of common knowledge).

The Court further finds that nothing in Benns' affidavit refutes Gillespie's testimony regarding his initial conversation with Spain, during which Spain asked if Gillespie was looking for hard, and offered to find someone for him. Under these circumstances, even if Benns had been willing to testify at Petitioner's trial his testimony would not have led to a reasonable probability of a different outcome.

13

(ECF No. 1-10, at 10-13.)

The Circuit Court's rejection of this claim was eminently reasonable given Officer Gillespie's detailed testimony and the paucity of details in Benns' putative testimony.[4] See 28 U.S.C. § 2254(d)(1)-(2). Accordingly, Claim 1(d) will be dismissed.

### IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 7) will be granted. Spain's § 2254 Petition will be denied. Spain's claims and the action will be dismissed. A certificate of appealabilty will be denied.

The Clerk is directed to send a copy of Memorandum Opinion to Spain and counsel of record.

It is so ordered.

/s/ *RP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 11, 2020

---

[4] The sum of Benns's proffered testimony is as follows:

> Antoine Spain had no involvement with me in my incident September 26, 2014. I took upon myself to see a white man in a gray pick up and yelled for him to stop and that's when I got in the truck and served the undercover cop. Antoine Spain never advised me of anything about the white man in the truck. I took it upon myself to do what I did.

(ECF No. 1-8, at 1.) Notably, Benns does not say he would have willing to testify prior to his own trial nor does he provide an explanation as to why he ran to Officer Gillespie's truck and volunteered to provide drugs.

14